**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

PATRICIA GLASCO,  )
                  )
        **Plaintiff,**  )
                  )   **CIVIL ACTION**
v.                )
                  )   **No. 10-1097-KHV**
MICHAEL J. ASTRUE,  )
**Commissioner of Social Security,**  )
                  )
        **Defendant.**  )
_____)

## MEMORANDUM AND ORDER

Patricia Glasco appeals the final decision of the Commissioner of Social Security to deny disability benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* For reasons set forth below, the Court reverses defendant's decision.

## Procedural Background

On October 16, 2006, plaintiff filed her disability application with the Social Security Administration. She alleged a disability onset date of May 21, 2005. See Certification Of Transcript Of Proceedings Before The Social Security Administration (Doc. #10) filed June 29, 2010 ("Tr.") 99, 104. Plaintiff's benefit applications were denied initially and on reconsideration. On August 20, 2008, an administrative law judge ("ALJ") concluded that plaintiff was not under a disability as defined in the Social Security Act and that she was not entitled to benefits. On February 2, 2010, the Appeals Council denied plaintiff's request for review. Plaintiff appealed the final decision of the Commissioner to this Court. The decision of the ALJ stands as the final decision of the Commissioner. See 42 U.S.C. §§ 405(g), 1383(c)(3).

## Factual Background

The following is a brief summary of the evidence presented to the ALJ.

Plaintiff is 52 years old. She completed the eleventh grade. Plaintiff previously worked as a black jack dealer. Tr. 127, 130-40, 160. Plaintiff alleges that she is disabled due to diabetes mellitus, asthma, high blood pressure, bilateral carpal tunnel syndrome and short term memory problems. Tr. 126, 131, 146.

The ALJ held a hearing on May 13, 2008. At that hearing, plaintiff testified that she could not work full-time. In particular, she testified that she could walk no more than a couple of blocks, she could sit no more than three hours at a time and she could stand up to one hour at a time. Plaintiff reported that to alleviate pain, shortness of breath and side effects from medication, she would need to alternate positions and elevate her legs. Tr. 42-44. Plaintiff stated that to help reduce swelling in her feet, she remains in a reclining position during waking hours at least four or five hours a day. Tr. 45.

Plaintiff testified that she lives with a friend who does laundry for her. Tr. 38. Plaintiff testified that some two to three times per week, her friend provides help because she cannot get up due to numbness and pain in her hands and feet. Tr. 38-41. Plaintiff testified that she takes Neurontin some six times a day for pain. Tr. 42. Plaintiff states that due to numbness and pain in her hands, she cannot pick up a gallon of milk and drops small items like plates some four or five times a month. Tr. 47-48. She does very little grocery shopping and no cooking. Tr. 48-49. Plaintiff testified that since May of 2005, when she had a seizure, she has had short term memory loss. Tr. 50. Plaintiff testified that she has fallen about seven times because of her diabetes and high blood pressure. Tr. 44.

In his order of August 20, 2008, the ALJ concluded as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.

2. The claimant has not engaged in substantial gainful activity since May 21, 2005, the alleged onset date.

3. The claimant has the following severe impairments: Asthma, high blood pressure, and diabetes with peripheral neuropathy.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant retains the residual functional capacity to perform the full range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a).

6. The claimant is unable to perform any past relevant work.

7. The claimant was born on January 28, 1959 and was 45 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date.

8. The claimant has a limited education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual function capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 21, 2005 through the date of this decision.

Tr. 23-30.

## **Standard Of Review**

The ALJ decision is binding on the Court if supported by substantial evidence. See 42 U.S.C. § 405(g); Dixon v. Heckler, 811 F.2d 506, 508 (10th Cir. 1987). The Court must determine whether the record contains substantial evidence to support the decision and whether the ALJ applied the proper legal standards. See Castellano v. Sec'y of HHS, 26 F.3d 1027, 1028 (10th Cir.

1994). While "more than a mere scintilla," substantial evidence is only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Evidence is not substantial "if it is overwhelmed by other evidence--particularly certain types of evidence (e.g., that offered by treating physicians)--or if it really constitutes not evidence but mere conclusion." Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (citation omitted).

## **Analysis**

Plaintiff bears the burden of proving disability under the Social Security Act. See Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). The Social Security Act defines "disability" as the inability to engage in any substantial gainful activity for at least 12 months due to a medically determinable impairment. See 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is under a disability, the Commissioner applies a five-step sequential evaluation: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) whether the impairment prevents the claimant from continuing her past relevant work; and (5) whether the impairment prevents the claimant from doing any kind of work. See 20 C.F.R. §§ 404.1520, 416.920. If a claimant satisfies steps one, two and three, she will automatically be found disabled; if a claimant satisfies steps one and two, but not three, she must satisfy step four. If step four is satisfied, the burden shifts to the Commissioner to establish that the claimant is capable of performing work in the national economy. See Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988).

Here, the ALJ found that plaintiff has severe impairments including asthma, high blood

pressure (hypertension) and diabetes with peripheral neuropathy.[1] At step four, the ALJ determined that plaintiff retains the residual functional capacity ("RFC") to perform the full range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), but that she is unable to perform any past relevant work.[2] At step five, the ALJ denied benefits, finding that plaintiff is capable of performing work in the national economy.

Plaintiff argues that the ALJ erred by expressing plaintiff's limitations only in terms of an exertion category (sedentary) and not outlining the RFC in a function-by-function manner. At step five, the Commissioner has the burden to establish that the claimant retains the RFC to perform work in the national economy. See Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993); Williams, 844 F.2d at 751. Before proceeding to step five, however, the ALJ assesses RFC in detail at step four. Baker v. Barnhart, 84 Fed. Appx. 10, 13 (10th Cir. 2003); see Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *1. The ALJ must make specific findings as to RFC, Winfrey, 92 F.3d at 1023, and these findings must be supported by substantial evidence, see Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

---

[1] The ALJ found that these impairments created some limitations, but that plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms are not fully credible. Tr. 25. The ALJ found that plaintiff's alleged symptoms related to carpal tunnel syndrome have not been determined by medically acceptable evidence. Tr. 23. Further, the ALJ found that plaintiff's symptoms related to depression are not severe. Tr. 24.

[2] Social Security regulations define sedentary work as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 CFR §§ 404.1567(a), 416.967.

The RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." SSR 96-8p, 1996 WL 374184, at *7.[3] The RFC must not be expressed solely in terms of the exertional categories of sedentary, light, medium, heavy and very heavy work. Id. at *3. Instead, the ALJ must first identify the individual's functional limitations or restrictions and assess the individual's work-related abilities on a function-by-function basis. Id. at *1. In particular, the ALJ must assess the "physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching)." 20 C.F.R. § 404.1545(b); see SSR 96-8p, 1996 WL 374184, at *1. In addition, the ALJ must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of each work-related activity the individual can perform based on the record evidence. Id. at *7. The ALJ must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. Id. Specifically, where pain is alleged, the ALJ must "[s]et forth a logical explanation of the effects of the symptoms, including pain, on the individual's ability to work. The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." Id.

Here, the ALJ concluded that plaintiff retained the RFC to perform the full range of sedentary work, but he did not attempt to identify plaintiff's functional limitations or restrictions and

---

[3] SSR rulings are binding on an ALJ. 20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).

assess her work-related abilities on a function-by-function basis. Most significantly, at step two, the ALJ recognized that plaintiff had a severe impairment of diabetes with peripheral neuropathy, but in assessing plaintiff's RFC, he never defined any limitation related to this impairment. See Baker, 84 Fed. Appx. at 13-14 (finding that pain was severe impairment at step two precluded conclusion that pain was insignificant in making RFC assessment; on remand, ALJ must assess level of pain plaintiff suffers); see also Alexander v. Barnhart, 74 Fed. Appx. 23, 28 (10th Cir. 2003) (finding that impairments limited plaintiff to particular exertional category erroneous without setting forth function-by-function limitations).[4]

Because the ALJ concluded plaintiff was capable of doing sedentary work, he implicitly rejected part of her testimony as to the extent of her limitations. Even so, the ALJ did not articulate to what extent he rejected plaintiff's testimony about the extent of her limitations, as he is required to do. See Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings); Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988) (same). For example, the ALJ did not specifically address plaintiff's need to sit "in a reclining position" to alleviate swelling and

---

[4] In addition, the ALJ did not assess any limitations related to short term memory problems, skin issues (psoriasis due to a rash and plaques appearing all over the body at different times), side effects of medications including drowsiness or breathing issues beyond asthma including a diagnosis of chronic obstructive pulmonary disease. See 20 C.F.R. § 404.1545(a)(2), (e) (in determining RFC, ALJ considers all known medically-determinable impairments including impairments that are not severe). The ALJ recognized that plaintiff sought medical treatment for several of these conditions, but he noted that the medical sources did not opine on plaintiff's capacity to perform work related activities. Tr. 27. In such cases, the ALJ should exercise his discretionary power to order a consultative examination. See Thompson, 987 F.2d at 1491; 20 C.F.R. § 404.1545(a)(3) (agency responsible for developing claimant's complete medical history including arranging for consultative examinations if necessary).

pain in her feet apparently caused by her severe impairment of diabetes with peripheral neuropathy. If the ALJ simply did not believe plaintiff's testimony on this issue, he should have articulated that conclusion so that the Court could determine whether such a conclusion is based on substantial evidence. See Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. 2003) (ALJ decision must be sufficiently articulated so that it is capable of meaningful review). It is insufficient for the ALJ to discuss the evidence in generalities, however, and fail to relate that evidence to his conclusions. Cruse v. U.S. Dept. of Health & Human Servs., 49 F.3d 614, 618 (10th Cir. 1995); see Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. 2003) (RFC conclusion not supported by substantial evidence where ALJ did not provide narrative discussion describing how specific evidence supports each conclusion); Nunn v. Apfel, 149 F.3d 1191, 1998 WL 321189, at *2 (10th Cir. 1998) (ALJ did not link specific evidence to claimant's ability to stand six out of eight hours). Such bare conclusions are beyond meaningful judicial review. Brown v. Comm'r of the Soc. Sec. Admin., 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

Because the ALJ did not properly set forth plaintiff's RFC, the Court must remand to the Commissioner for further consideration of plaintiff's claim. Plaintiff also argues that the ALJ failed to conduct a proper credibility analysis. The Court need not reach the issue because it may be affected by the ALJ's resolution of the case on remand after conducting a proper RFC assessment.[5]

---

[5] As noted, the ALJ found that plaintiff's severe impairments created some limitations, but that plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms are not fully credible. Tr. 25. The ALJ noted that plaintiff's testimony that she is unable to work is inconsistent with (1) the objective medical evidence, (2) plaintiff's daily activities and (3) plaintiff's work history. Tr. 26-28. As to work history, plaintiff's lack of motivation to work may be considered in determining the credibility of her subjective complaints. See Bean v. Chater, 77 F.3d 1210, 1213 (10th Cir. 1995); Hunter v. Chater, 895 F. Supp. 1454, 1462 (D. Kan. 1995). The ALJ noted that while plaintiff's cumulative earnings for 15 or more years prior to filing would
(continued...)

See Robinson v. Barnhart, 366 F.3d 1078, 1085 (10th Cir. 2004).

**IT IS THEREFORE ORDERED** that the Judgment of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 8th day of February, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[5](...continued)
lend great support to the credibility of her statements, she was fired from her job as a blackjack dealer in June of 2004 for missing work. Tr. 28. The ALJ recognized that plaintiff asserted that undiagnosed symptoms of diabetes had led to her missing work, but noted that she was able to secure employment as a hospital receptionist until she was hospitalized on May 21, 2005. Id. Plaintiff was hospitalized for some 33 days because of a collapsed lung and bowel obstruction. The ALJ suggests that because plaintiff was able to later secure a job as a receptionist, her attendance issues as a blackjack dealer were not due to medical symptoms but instead a lack of desire to work. In reaching this apparent conclusion, the ALJ ignores that (1) a blackjack dealer is at the "light" exertional level and he specifically found that plaintiff could not perform work at that level and (2) a receptionist is at the "sedentary" exertional level and he specifically found that plaintiff could perform work at that level. The ALJ also ignored plaintiff's testimony that her job as a blackjack dealer involved some eight hours of standing a day whereas her job as a receptionist involved some eight hours of sitting a day. Without reaching the overall issue of whether the ALJ's credibility finding is supported by substantial evidence, the Court suggests that on remand the ALJ revisit the issue of whether plaintiff's work history is relevant to the issue of her credibility.